

**Joseph & Norinsberg**
Fighting for Employee Justice

| | | |
|---|---|---|
| **Downtown Manhattan Office**<br>One World Trade Center, 85th Floor<br>New York, New York 10007 | **Midtown Manhattan Office**<br>825 Third Avenue, Suite 2100<br>New York, New York 10022 | **Newark Office**<br>One Gateway Center, Suite 2600<br>Newark, New Jersey 07102 |
| **Philadelphia Office**<br>1650 Market Street, Suite 3600<br>Philadelphia, Pennsylvania 19103 | **Boston Office**<br>225 Franklin Street, 26th Floor<br>Boston, Massachusetts 02110 | **Orlando Office**<br>300 N. New York Avenue, Suite 832<br>Winter Park, Florida 32790 |

**Caitlin Duffy, Esq.**
Caitlin@employeejustice.com

> The request of Plaintiff's counsel to file a declaration under seal in support of heir motion to withdraw is GRANTED.  (Dkt. Nos. 52; 53).
>
> The Clerk of the Court is respectfully directed to close Dkt. No. 52.
>
> SO ORDERED   5/18/26
>
> _Sarah L. Cave_
> SARAH L. CAVE
> United States Magistrate Judge

May 17, 2026

***Via ECF Only***
The Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  ***Alex Vorburger v. Perfect Moving and Storage LLC, et al.;***
> **Docket No.: 1:25-cv-06387-DEH-SLC**

Dear Judge Ho:

   We represent Plaintiff Alex Vorburger in the above-referenced action. We write to advise the Court that Joseph & Norinsberg, LLC intends to file a motion to withdraw as counsel pursuant to Local Civil Rule 1.4. In connection with that motion, we respectfully request permission to submit a supporting declaration ex-parte and under seal for the Court's in camera review.

   Local Civil Rule 1.4 provides that an attorney of record may be relieved or displaced only by order of the Court, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case. S.D.N.Y. Local Civ. R. 1.4. Consistent with that Rule, the forthcoming motion to withdraw will address the procedural posture of this matter and the basis for counsel's requested withdrawal to the extent it can be done without disclosing privileged or confidential information.

   The facts and circumstances constituting the satisfactory reasons for withdrawal arise from attorney-client communications, confidential discussions regarding litigation strategy, and other

privileged and confidential matters. Disclosure of those communications on the public docket would risk compromising the attorney-client privilege, counsel's ethical obligations, and the confidentiality of communications between Plaintiff and counsel. Accordingly, while the public motion will be limited to non-privileged information, a sealed and ex-parte submission is necessary to provide the Court with a complete explanation of the basis for withdrawal.

Permitting counsel to withdraw at this stage will not prejudice Plaintiff or disrupt the Court's schedule. Plaintiff's objection to Magistrate Judge Cave's December 17, 2025 Opinion and Order remains sub judice before the Court. No trial date has been set, no merits discovery has commenced, no depositions have been taken, and there are no pending dispositive motions that would be disrupted by counsel's withdrawal. The current posture of the case affords Plaintiff sufficient opportunity to retain successor counsel or determine whether he will proceed pro se, and permits any new counsel adequate time to become familiar with the matter.

Based on the foregoing, Joseph & Norinsberg, LLC respectfully requests permission to submit its supporting declaration ex-parte and under seal, for the Court's in camera review, in connection with its forthcoming motion to withdraw as counsel.

We thank the Court for its consideration.

Respectfully submitted,

CAITLIN DUFFY, ESQ.

Cc:  Alex Vorburger (via Fed Ex and email);
     All counsel of record (via ECF)