UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX VORBURGER, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>    v.<br><br>PERFECT MOVING AND STORAGE LLC, SUMMER MOVING CORP., ROCK KATNIC, and JOHANNA ULLOA,<br><br>     Defendants. | 25 Civ. 6387 (DEH)<br><br>**<u>MEMORANDUM OPINION<br>AND ORDER</u>** |

DALE E. HO, United States District Judge:

Before the Court is an objection to the Opinion and Order of Magistrate Judge Cave granting a non-dispositive Motion to Compel Arbitration, striking Plaintiff's class and collective action allegations, staying this action pending arbitration, and denying Plaintiff's cross-motion for limited discovery as moot (the "Order"). ECF No. 44. For the reasons stated below, the Court concludes that Judge Cave correctly granted the Motion to Compel Arbitration, as well as accompanying relief.

"Where, as here, the district court has referred a non-dispositive matter to a magistrate judge for decision, the district court shall set aside the order only insofar as it 'is clearly erroneous or is contrary to law.'" *Mullen v. City of Syracuse*, 582 F. App'x 58, 61 (2d Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). Under this standard, "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Grief v. Nassau Cnty.*, 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." *Alexander v. S.C. State Conference of the NAACP*, 144 S. Ct. 1221, 1240 (2024). "Generally, a decision is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules

of procedure." *Siani v. Nassau Cmty. Coll.*, 2024 WL 4449404, at \*2 (E.D.N.Y. Oct. 1, 2024).

Accordingly, magistrate judges possess "broad discretion in resolving nondispositive disputes and

reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Secs., Inc.*, 236 F.

Supp. 3d 802, 803 (S.D.N.Y. 2017). "The party seeking to overturn a magistrate judge's decision

thus carries a heavy burden." *Kumaran v. Vision Fin. Mkts., LLC*, 2022 WL 17540669, at \*2

(S.D.N.Y. Dec. 6, 2022).

The facts relevant to this motion are undisputed and described in the underlying Order. *See*

Order at 2-5. In determining that Mr. Vorburger's employment contract contained an enforceable

arbitration provision and class action waiver, Judge Cave made several determinations. She first

determined that Mr. Vorburger's work as a contractor for an interstate moving company fell within

an exception to the FAA. Order at 8-10. However, she then determined that New York law

properly applied to the contract, making the arbitration clause and class action waiver enforceable

despite the exception from FAA applicability. *Id*. at 10-14. Judge Cave also concluded that the

class action waiver in the contract was enforceable under New York law. *Id*. at 14-15. It is only

the second and third determinations to which Mr. Vorburger objects—i.e., whether New York law

applies to the contract, and if so, whether the class action waiver is enforceable under New York

law.

On review of the record and Judge Cave's Order, the Court concludes that the Order is

neither "clearly erroneous" nor "contrary to law." *Mullen*, 582 F. App'x at 61. As Judge Cave

explained, the inapplicability of the FAA does not preclude enforcement of an arbitration

agreement under state law. *See Valdes v. Swift Transp. Co*., 292 F. Supp. 2d 524, 529 (S.D.N.Y.

2003); *Diaz v. Michigan Logistics Inc*., 167 F. Supp. 3d 375, 380-81 (E.D.N.Y. 2016). Defendants

provide extensive authority supporting this conclusion from various courts. *See, e.g.*, *Harper v.

Amazon.com Servs., Inc.*, 12 F.4th 287, 295 (3d Cir. 2021) (there is no language in the FAA that

"explicitly preempts the enforcement of state arbitration statutes" and application of the Section 1 FAA exemption "does not mean all state law about arbitration vanishes") (quoting *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 595 (3d Cir. 2004)); *Saxon v. Sw. Airlines Co.*, 993 F.3d 492, 502 (7th Cir. 2021) (explaining that even though the plaintiff qualified for the "transportation worker" exclusion to the FAA, she "could still face arbitration under state law"), *aff'd*, 596 U.S. 450 (2022); *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1472 (D.C. Cir. 1997) ("[W]e have little doubt that, even if an arbitration agreement is outside the FAA, the agreement still may be enforced."); *Shanks v. Swift Transp. Co. Inc.*, 2008 WL 2513056, at *4 (S.D. Tex. June 19, 2008) ("While the FAA does not require arbitration, the question remains whether the exemption of Section 1 operates as a form of reverse preemption, so as to prohibit arbitration of the dispute altogether. Plainly, it does not.  The weight of authority shows that even if the FAA is inapplicable, state arbitration law governs.").  Because the parties agreed that New York law governed the contract, Judge Cave correctly applied state law to the arbitration clause.

Turning to the application of New York law, Judge Cave first analyzed the contract itself, which states:

> BY AGREEING TO ARBITRATE ALL DISPUTES, THE PARTIES TO THIS AGREEMENT AGREE THAT ALL SUCH DISPUTES WILL BE RESOLVED THROUGH BINDING ARBITRATION BEFORE AN ARBITRATOR AND NOT BY WAY OF A COURT OR JURY TRIAL.

*See* ECF Nos. 25-1 ¶ 1; 34-2 ¶ 1.  The Court agrees that "[t]he parties' intent to arbitrate claims is clear from the language in the Arbitration Agreement."  Order at 11.

Judge Cave applied New York contract law principles to this provision.  "Under New York law, the Court addresses three threshold questions in deciding a motion to compel arbitration: (1) whether the parties made a valid agreement to arbitrate; (2) if so, whether the agreement has been complied with; and (3) whether the claim sought to be arbitrated would be time-barred if it were

3

asserted in state court." *Zambrano v. Strategic Delivery Sols., LLC*, No. 15 Civ. 8410, 2016 WL 5339552, at *9 (S.D.N.Y. Sept. 22, 2016).  In contrast to the FAA, "New York arbitration law does not exempt transportation workers from arbitration." *Diaz*, 167 F. Supp. 3d at 381.  Because the parties agreed to arbitrate, the filing of this lawsuit violated that agreement, and Mr. Vorburger's claims would not be untimely in state court, Judge Cave concluded that the motion to compel arbitration should be granted.  The Court sees nothing "clearly erroneous" nor "contrary to law" in the Judge Cave's application of state law.  *Mullen*, 582 F. App'x at 61.

The Court also concludes that Judge Cave properly enforced the class action waiver in the contract.  Judge Cave correctly noted that Plaintiff's only cited authority for the purported non-enforceability of the class action waiver was later reversed by the New York Court of Appeals.  Order at 14.  In fact, New York courts have repeatedly upheld class action waivers in arbitration agreements.  *See Castro v. TCA Logistics Corp.*, No. 20 Civ. 2004, 2021 WL 7287305, at *7 (E.D.N.Y. Mar. 31, 2021) (collecting cases).  Courts also recognize that, in New York, "a contractual proscription against class actions is neither unconscionable nor violative of public policy." *Horton v. Dow Jones & Co.*, Inc., 804 F. App'x 81, 84 (2d Cir. 2020) (citing *Tsadilas v. Providian Nat. Bank*, 13 A.D.3d 190, 191 (1st Dep't 2004)); *see also Hahn v. JetBlue Airways Corp.*, No. 21 Civ. 6867, 2022 WL 22908406, at *5 (E.D.N.Y. Aug. 25, 2022) (finding class action waiver enforceable after *Gold* overturned); *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 251 n.28 (S.D.N.Y. 2020) (collecting cases applying New York law).  Accordingly, Judge Cave properly struck the class action allegations in the complaint.

4

For the foregoing reasons, Plaintiff's objections to the Opinion and Order of the Magistrate Judge are **OVERRULED**.  Accordingly, (i) the Motion to Compel Arbitration is **GRANTED**; (ii) Mr. Vorburger is **COMPELLED** to arbitrate his claims pursuant to the Arbitration Agreement; (iii) Mr. Vorburger's class action allegations are **STRICKEN** from the Complaint; (iv) this action is **STAYED** during the pendency of the Arbitration; and (v) Mr. Vorburger's Motion to Compel is **DENIED**.

SO ORDERED.

Dated: May 21, 2026

New York, New York

_____
DALE E. HO
United States District Judge