UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX VORBURGER, on behalf of himself and all others similarly situated,

Plaintiff,

v.

PERFECT MOVING AND STORAGE LLC, et al.,

Defendants.

CIVIL ACTION NO.: 25 Civ. 6387 (DEH) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is the motion of counsel for Plaintiff Alex Vorburger, Joseph & Norinsberg, LLC (the "Firm"), to withdraw as counsel of record for Mr. Vorburger pursuant to Local Civil Rule 1.4 of the Southern District of New York.  (Dkt. No. 53 (the "Motion")).  Mr. Vorburger opposes the Motion.  (Dkt. Nos. 56; 59).  For the reasons set forth below, the Motion is GRANTED.

## II. BACKGROUND

We incorporate by reference the factual and procedural background set forth in Vorburger v. Perfect Moving and Storage LLC, No. 25 Civ. 6387 (DEH) (SLC), 2025 WL 3653384, at *2–3 (S.D.N.Y. Dec. 17, 2025) ("Vorburger I").  We set forth only additional procedural background necessary to analyze the Motion.

On December 17, 2025, the Court issued an Opinion & Order granting Defendants' motion to compel arbitration, striking Mr. Vorburger's class and collective claims, and staying this action during the pendency of arbitration.  Vorburger I, 2025 WL 3653384.  On December 31, 2025, Mr. Vorburger filed an objection to Vorburger I.  (Dkt. No. 46 (the "Objection")).  On January 14, 2026, Defendants filed a response to the Objection.  (Dkt. No. 48).  On May 21, 2026, the Honorable

1

Dale E. Ho overruled the Objection, and this action is now stayed during the pendency of the arbitration.  (Dkt. No. 63).

On May 17, 2026, the Firm filed the Motion accompanied by a sealed declaration detailing the grounds for the Firm's request to withdraw and requesting a stay of this action until new counsel appears on behalf of Mr. Vorburger.  (Dkt. Nos. 53; 55 (the "Declaration")).  On May 18, 2026, Mr. Vorburger filed an opposition to the Motion.  (Dkt. No. 56).  On May 19, 2026, the Firm filed a reply in further support of the Motion.  (Dkt. No. 58).  That same day, Mr. Vorburger filed a sur-reply, including exhibits of emails between him and attorneys at the Firm.  (Dkt. No. 59).

## III. <u>DISCUSSION</u>

### A.  <u>Legal Standard</u>

Pursuant to Local Civil Rule 1.4, the Court may "relieve[] or displace[]" an attorney "only upon a showing . . . of satisfactory reasons for withdrawal[.]" S.D.N.Y. Loc. Civ. Rule 1.4.   When deciding whether to grant such a motion, the Court considers two factors:  (1) "the reasons for withdrawal" and (2) "the impact of the withdrawal on the timing of the proceeding."  <u>Estate of Larry Shaw & Susan Shaw v. Marcus</u>, No. 14 Civ. 3849 (NSR), <u>et al.</u>, 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016).[1]  The Court may grant a motion to withdraw "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement[.]"  S.D.N.Y. Local Civ. R. 1.4.  Whether to grant a motion to withdraw as counsel "falls to the sound discretion of the trial court."  <u>S.E.C. v. Gibraltar Glob. Secs., Inc.</u>, No. 13 Civ. 2575 (GBD) (JCF), 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015).

---

[1] Internal citations and quotations are omitted from case citations unless otherwise indicated.

As to the first factor, satisfactory reasons for withdrawal include "the client's failure to pay legal fees, a client's lack of cooperation — including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client. " PWV Consultants LLC v. Chebil Realty LLC, No. 20 Civ. 9030 (LTS) (JW), 2022 WL 20527354, at *2 (S.D.N.Y. Oct. 18, 2022). As to the second factor, the Court considers whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999).

## B. Application

With respect to the first factor, the Declaration demonstrates the existence of an irreconcilable conflict between Mr. Vorburger and the Firm, including a fundamental disagreement about litigation strategy, Mr. Vorburger's refusal to accept the Firm's advice, and a breakdown in their communication. (Dkt. No. 55). Courts in this Circuit have recognized that similar circumstances are sufficient to warrant withdrawal. See City Merch. Inc. v. Tian Tian Trading Inc., No. 19 Civ. 9649 (MKV), 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) (collecting cases granting withdrawal based on disagreements over litigation strategy and breakdown in attorney-client communications); Jimenez v. Garvies Pt. Bagel Corp., No. 24 Civ. 4449 (SJB) (JMW), 2025 WL 3299442, at *2–3 (E.D.N.Y. Oct. 7, 2025) (finding that counsel's sealed declaration demonstrated a breakdown in the attorney-client relationship and fundamental disagreement between attorney and client which justified counsel's withdrawal). Although Mr. Vorburger opposes the Motion, he does not really contest the existence of fundamental disagreements with the Firm but rather recounts his view of the merits of the legal arguments in his Objection. (See Dkt. No. 56). Therefore, Mr. Vorburger's opposition does not refute the Firm's showing that a significant breakdown in the attorney-client relationship has occurred. See

United States v. Cole, No. 19 Cr. 869 (ER), 2022 WL 615046, at *2 (S.D.N.Y. Mar. 2, 2022) (finding "strong evidence of a strained attorney-client relationship" even where counsel and client disagreed on the existence of an irretrievable breakdown in their relationship).

As to the second factor, based on the procedural posture of this case, there will be no disruptions to the litigation by the withdrawal of the Firm. Discovery has not yet begun, and this action has just been stayed pending the arbitration. (Dkt. No. 63). Accordingly, there will be no delay to the prosecution of this action if the Court permits the Firm to withdraw at this time. See Bullock v. Montefiroe Med. Ctr., No. 25 Civ. 2825 (DEH) (KHP), 2026 WL 37309, at *2 (S.D.N.Y. Jan. 5, 2026) (finding that counsel's withdrawal did not cause delay even when there were two pending motions, but discovery had not yet begun).

## IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED. On or before **June 22, 2026**, new counsel for Mr. Vorburger shall file a notice of appearance or Mr. Vorburger shall notify the Court that he intends to proceed pro se. The Clerk of the Court is respectfully directed to terminate the Firm as counsel for Mr. Vorburger on the docket and to close Dkt. No. 53.

Dated:       New York, New York
             May 22, 2026

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

4