**MEMO ENDORSED**

**LETTER MOTION TO CLARIFY PROCEDURAL CHRONOLOGY, PRESERVE OBJECTIONS, REQUEST EXTENSION OF TIME, AND TEMPORARILY STAY ARBITRATION**

Dear Judge Ho and Judge Cave:

I respectfully submit this short letter motion to clarify the procedural chronology concerning Dkt. No. 59, preserve my objections, request a limited extension of time to file any Rule 72(a) objection to the May 22, 2026 Opinion & Order granting counsel's motion to withdraw, and temporarily stay the obligation to proceed in arbitration.

The May 22 Opinion & Order describes Dkt. No. 59 as a "sur-reply." I understand why the filing may have appeared that way from the docket sequence, because Dkt. No. 59 was entered after counsel's reply at Dkt. No. 58. However, the actual chronology is different.

On May 19, 2026, at approximately 8:45 a.m., I emailed the Pro Se Intake Unit my letter to the Court, exhibit reference index, and sealed exhibit materials. At approximately 8:48 a.m., I provided the same materials to counsel. Counsel then filed their reply later that day at approximately 6:48 p.m. Counsel's reply itself referenced my "emailed supplemental submission to the Court," confirming that counsel had notice of the materials before filing their reply.

Accordingly, Dkt. No. 59 was not a post reply filing responding to counsel's reply. It was submitted before the reply, in connection with my opposition and my request to submit attorney client materials under seal and for in camera review. I also attempted to follow the procedure given to me by the Pro Se Intake Unit, including bringing CD-ROMs to the courthouse after being told that was required for the sealed materials.

I also respectfully clarify one related point. Counsel's reply suggested that my submission did not include the "full universe" of attorney client communications. I do not waive privilege by this letter. But I respectfully want the Court to understand why the submission was limited and why I submitted the materials under seal.

I did not submit the materials under seal because I feared the complete record, because I was hiding unfavorable communications, or because I intended to present a misleading picture. I submitted them under seal out of caution, because counsel had submitted their declaration under seal, because the materials involved attorney client communications, and because I was attempting to protect counsel's reputation and avoid unnecessarily placing communications involving counsel on the public docket. My public reference index expressly kept the descriptions short for that reason.

I respectfully submit that the complete relevant communications would not undermine my position. They would provide additional context for why I believed the dispute concerned preservation of an objective litigation right, not merely disagreement over preferred strategy. If the Court believes additional context is necessary, I am prepared to provide the complete relevant communications under seal or for in camera review, unless the Court directs otherwise.

I am not asking the Court to reconsider the withdrawal ruling through this clarification letter. I respectfully request only that the record reflect the actual chronology and that Dkt. No. 59 be understood as a supplemental opposition/sealing submission, not as an improper post reply surreply.

I also respectfully clarify that my opposition to counsel's withdrawal did not fully brief the merits of the arbitration issue. I intentionally limited that filing because I was trying to show that the dispute concerned preservation of an objective litigation right, while avoiding an improper sur reply or merits filing through the withdrawal motion. The sealed exhibits show that certain parts of the preservation issue, including the consent/enforcement law authorities referenced in those communications, were raised with counsel but not fully briefed in my withdrawal opposition for that reason.

I intend to proceed pro se for the limited purpose of filing a timely motion for reconsideration of Judge Ho's May 21, 2026 order overruling my Rule 72(a) objection to the arbitration order. That motion will focus on controlling authorities and matters I believe the Court overlooked regarding contractual consent, intent of the parties, FAA section 1, and whether New York arbitration enforcement law/CPLR Article 75 can enforce this arbitration agreement absent contractual consent to that enforcement regime. I do not waive any rights, claims, objections, class/collective claims, class waiver arguments, cases, or authorities. However, I do not intend to use the reconsideration motion to brief every related class waiver issue. My focus will be the threshold consent and enforcement law issue, including why a broad agreement to arbitrate does not necessarily establish consent to New York arbitration enforcement law.

Because that threshold issue overlaps with the basis on which counsel characterized the dispute as strategy rather than preservation of an objective litigation right, I respectfully request that the deadline to file any Rule 72(a) objection to the May 22, 2026 withdrawal order be extended until 14 days after the Court resolves my anticipated motion for reconsideration. If the Court concludes that the threshold consent/enforcement-law issue is dispositive, that ruling would directly affect the record concerning whether my dispute with counsel involved mere preferred strategy or preservation of an objective litigation right central to my stated litigation objective of remaining in court on a class wide basis.

I also respectfully request a temporary stay of the obligation to commence or proceed with arbitration, and any arbitration related deadlines, pending resolution of my anticipated motion for reconsideration and any timely Rule 72(a) objection to the withdrawal order, or until the Court orders otherwise. I do not waive any rights, claims, objections, class/collective claims, class waiver arguments, cases, or authorities. I respectfully clarify that the reconsideration motion will be targeted at the threshold consent and enforcement law issue, including why no law would remain to enforce the arbitration agreement or class action waiver absent valid contractual consent to the applicable arbitration enforcement regime.

This is my first request for this extension and stay. I requested Defendants' and counsel/former counsel's position on this request on May 24, 2026 at approximately 2:15 p.m., and by update/reminder provided until Tuesday, May 26, 2026 at 5:00 p.m., a full business day after the

holiday, for them to respond. Counsel/former counsel take no position. Defendants did not respond. After Mr. Chandler's 10:11 a.m. auto-reply, I left a 10:45 a.m. voicemail; no extension request followed as of 6:01 p.m.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 24, 2026.

Respectfully submitted,

Alexander Vorburger
 Plaintiff


*Alexander Vorburger*


> The Court is in receipt of Plaintiff's letter at Dkt. No. 66.  To the extent that Plaintiff seeks an extension of time to file a motion for reconsideration of Judge Ho's Opinion and Order overruling his objections to the undersigned's Opinion & Order granting the motion to compel arbitration (Dkt. No. 63), his request is GRANTED and the deadline to file any motion for reconsideration is extended to **Monday, June 22, 2026**.  To the extent that Plaintiff also seeks an extension of time to object to the undersigned's Opinion & Order granting his counsel's motion to withdraw (Dkt. No. 65), his request is GRANTED and any objections must be filed by **Monday, June 22, 2026**.  Finally, to the extent that Plaintiff seeks a stay of his obligation to proceed with arbitration pending Judge Ho's rulings on the two motions above, his request is GRANTED and Mr. Vorburger's obligation to commence an arbitration is stayed until 14 days after Judge Ho's ruling on the motion for reconsideration only.
>
> The Clerk of the Court is respectfully directed to close Dkt. No. 66.
>
> SO ORDERED   5/29/26
>
> SARAH L. CAVE
> United States Magistrate Judge