SDNY ALEX VORBURGER, on behalf of himself and all others similarly situated, Plaintiff, v. PERFECT MOVING AND STORAGE LLC, SUMMER MOVING CORP., ROCK KATNIC, and JOHANNA ULLOA, Defendants. 25 Civ. 6387 (DEH) (SLC)

RENEWED LETTER MOTION FOR CLARIFICATION OR MODIFICATION OF DKT. NO. 71 AND FOR LEAVE TO FILE A 6,300-WORD OPENING RECONSIDERATION MEMORANDUM

Dear Judge Ho:

Plaintiff respectfully requests limited clarification or modification of Dkt. No. 71, which granted in part Plaintiff's request for an oversized reconsideration memorandum and set a 4,500-word limit for opening and response briefs and 2,000 words for the reply.Plaintiff does not seek additional words for repetition or delay. Plaintiff makes this renewed request because Dkt. No. 71 was entered after Plaintiff had already completed the reconsideration motion in the form Plaintiff believes is necessary to present the dispositive sequence. Plaintiff's June 11 letter already stated that Plaintiff had completed a working draft, attempted in good faith to reduce it, and believed further reduction would require omitting controlling authorities, exact contract language, and the specific sequence of authorities Plaintiff contends the Court overlooked or misapplied.

Plaintiff now respectfully clarifies that the completed draft is approximately 6,300 words. Plaintiff originally requested 6,000 words because Plaintiff believed the final 300 words could potentially be reached only through cosmetic compression, such as shortening phrases like "do not" to "don't" and similar edits, without removing substance. But reducing the motion to 4,500 words does not merely require editing style. It requires deleting part of the dispositive bridge itself. Plaintiff attaches one limited screenshot as Exhibit A showing that, on June 11, 2026, Plaintiff emailed the completed motion draft to himself before Dkt. No. 71 was entered. Plaintiff is not attaching the full email thread or the full motion because Plaintiff is attempting to comply with Dkt. No. 71 and avoid filing the oversized memorandum before receiving leave. The complete June 11 email remains available if the Court directs Plaintiff to submit it in whatever manner the Court deems proper.

The reconsideration motion turns on one threshold sequence: after the Court found the FAA § 1 exemption applicable, the Court could not treat that protection as a gap, then use New York arbitration enforcement law/CPLR Article 75 to compel arbitration absent contractual consent to that substitute enforcement regime. Plaintiff's motion is structured as a dispositive bridge. Each step supports the next. Removing one link does not merely shorten the motion; it changes the showing and leaves room for the same judicial toolset Plaintiff contends caused the error: public policy, greatest-interest analysis, severance, fallback logic, discretion, or generalized arbitration preference substituting for consent.

The bridge sequence is as follows:
1. Brock and Silva show that FAA § 1 is an operative federal protection, not a gap, label, or empty space to be filled by state arbitration enforcement law.

**Application DENIED. Plaintiff has demonstrated no error of fact or law meriting reconsideration of the prior grant of an extension. The Clerk of Court is respectfully directed to terminate ECF Nos. 72 and 73.**

Dale E. Ho
United States District Judge
Dated: June 22, 2026
New York, New York

**SO ORDERED.**