UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX VORBURGER, on behalf of himself and all others similarly situated ,

Plaintiff,

v.

PERFECT MOVING AND STORAGE LLC, SUMMER MOVING CORP., ROCK KATNIC, and JOHANNA ULLOA,

Defendants.

25 Civ. 6387 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court are several motions by Plaintiff Alex Vorburger. He first moves for reconsideration of the Court's May 21, 2026 Memorandum Opinion and Order ("Order"), ECF No. 63, overruling objections to the Opinion and Order of Magistrate Judge Cave granting, *inter alia*, a motion to compel arbitration, *see* ECF No. 44. He also moves for certification of an interlocutory appeal on that issue. Plaintiff identifies no controlling decision or factual matter the Court overlooked or any other basis for reconsideration. Nor does he satisfy the strict requirements for interlocutory appeal. Accordingly, the Motions are **DENIED**.

Separately, Mr. Vorburger objects to the non-dispositive order of Magistrate Judge Cave granting his former counsel's motion to withdraw based on "a significant breakdown in the attorney-client relationship." ECF No. 65 at 3. Because Mr. Vorburger does not identify any factual finding that is clearly erroneous, nor any legal conclusion that is contrary to law, the objections are **OVERRULED**.

## I. Reconsideration

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van*

*Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022).[1] Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014). That said, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

Plaintiff has identified no controlling authority overlooked by the Court or error of fact that would merit reconsideration. In essence, Mr. Vorburger makes identical arguments to those discussed in the Court's prior order, namely that (1) New York law does not apply because it would contravene the Federal Arbitration Act ("FAA"); (2) New York law does not apply because the parties' Arbitration Agreement states that it is governed by the FAA (*see* ECF No. 25-1); and (3) canons of contractual interpretation prevent New York law and, specifically, New York's policy favoring arbitration from controlling enforcement of the Arbitration Agreement. These arguments have been rejected previously by this Court and by Magistrate Judge Cave. *See* ECF Nos. 44, 63. Accordingly, the Motion is **DENIED**.

[1] In all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted unless otherwise indicated.

## II. Interlocutory Appeal

The Court also concludes that interlocutory appeal is inappropriate in this case. "[G]ranting an interlocutory appeal under § 1292(b) is 'a rare exception to the final judgment rule that generally prohibits piecemeal appeals.'" *PepsiCo, Inc. v. A&P (In re A&P)*, 615 B.R. 717, 722 (S.D.N.Y. 2020) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir.1996)). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

*Bayron-Paz v. Wells Fargo Bank, N.A.*, No. 22 Civ. 6122, 2023 WL 4706161, at *1 (S.D.N.Y. July 24, 2023) (quoting 28 U.S.C. § 1292(b)). "The proponent of an interlocutory appeal bears the burden of showing that all three of the substantive criteria are met." *Id.* (citing *Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005)).

The motion is denied for two reasons. As an initial matter, the motion is untimely, as it was not filed within ten days of the Court's Order overruling the objections to Judge Cave's Opinion and Order. *See* 28 U.S.C. § 1292(b) (stating that "[t]he Court of Appeals . . . may . . . permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. . . . "); *see also Masri v. Liebowitz*, No. 24 Civ. 1284, 2024 WL 3606233, at *3 (S.D.N.Y. July 29, 2024) (denying pro se litigant's application for interlocutory appeal because it was untimely as it was submitted thirty days following the challenged order). Even if timely, Plaintiff fails to establish "substantial ground for difference of opinion" on any of the legal issues in this case, and his cited authority only provides further support for the Magistrate Judge's

conclusion. *Bayron-Paz*, 2023 WL 4706161 at *1; *see also Bissonnette v. Lepage Bakeries Park St., LLC*, 33 F.4th 650 (2d Cir. 2022) (collecting cases supporting arbitrability of these claims). And, if anything, reversal of the Court's Order "would return the action to this Court for litigation," *Murray v. UBS Sec., LLC*, No. 12 Civ. 5914, 2014 WL 1316472, at *4 (S.D.N.Y. Apr. 1, 2014), rather than "materially advance the ultimate termination of the litigation . . . ." 8 U.S.C. § 1292(b).

## III. Withdrawal

### A. Non-Dispositive Rulings

"Where, as here, the district court has referred a non-dispositive matter to a magistrate judge for decision, the district court shall set aside the order only insofar as it 'is clearly erroneous or is contrary to law.'" *Mullen v. City of Syracuse*, 582 F. App'x 58, 61 (2d Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). Under this standard, "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Grief v. Nassau Cnty.*, 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017). Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed." *Alexander v. S.C. State Conf. of the NAACP*, 602 U.S. 1, 18 (2024). "Generally, a decision is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Siani v. Nassau Cmty. Coll.*, No. 22 Civ. 7077, 2024 WL 4449404, at *2 (E.D.N.Y. Oct. 1, 2024). Accordingly, magistrate judges possess "broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Kumaran v. Vision Fin. Mkts., LLC*, No. 20 Civ. 3871, 2022 WL 17540669, at *2 (S.D.N.Y. Dec. 6, 2022).

### B. Standard for Withdrawal

Pursuant to Local Civil Rule 1.4, the Court may "relieve[] or displace[]" an attorney "only upon a showing . . . of satisfactory reasons for withdrawal . . . ." S.D.N.Y. Loc. Civ. Rule 1.4. Whether to grant a motion to withdraw as counsel "falls to the sound discretion of the trial court." *S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13 Civ. 2575, 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015). When deciding whether to grant such a motion, the Court considers two factors: (1) "the reasons for withdrawal" and (2) "the impact of the withdrawal on the timing of the proceeding." *Estate of Larry Shaw & Susan Shaw v. Marcus*, No. 14 Civ. 3849, 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016). Satisfactory reasons for withdrawal include "the client's failure to pay legal fees, a client's lack of cooperation — including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." *PWV Consultants LLC v. Chebil Realty LLC*, No. 20 Civ. 9030, 2022 WL 20527354, at *2 (S.D.N.Y. Oct. 18, 2022). As to the second factor, the Court considers whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

### C. Application

The Court concludes that Judge Cave properly granted the withdrawal motion. Counsel's declaration in this matter indicates the existence of an irreconcilable conflict between Mr. Vorburger and counsel, including a fundamental disagreement about litigation strategy, Mr. Vorburger's refusal to accept the counsel's advice, and a breakdown in their communication. *See* ECF No. 55.[2] Many Courts have held that such a breakdown is sufficient to warrant withdrawal.

---

[2] Magistrate Judge Cave granted counsel's motion to file their declaration in this matter under seal due to the need to discuss privileged attorney-client communications. ECF No. 54. For the same reasons, Mr. Vorburger's Motion to Seal his exhibits, at ECF No. 82, is **GRANTED**. ECF Nos. 59, 81, and 84 are to hereby be maintained under seal.

*See City Merch. Inc. v. Tian Tian Trading Inc.*, No. 19 Civ. 9649, 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) (collecting cases granting withdrawal based on disagreements over litigation strategy and breakdown in attorney-client communications); *Jimenez v. Garvies Pt. Bagel Corp.*, No. 24 Civ. 4449, 2025 WL 3299442, at *2-3 (E.D.N.Y. Oct. 7, 2025) (finding that counsel's sealed declaration demonstrated a breakdown in the attorney-client relationship and fundamental disagreement between attorney and client which justified counsel's withdrawal). Courts have also held that, for cases in a similar pre-discovery posture, withdrawal would not prejudice further prosecution of the action. *See Bullock v. Montefiore Med. Ctr.*, No. 25 Civ. 2825, 2026 WL 37309, at *2 (S.D.N.Y. Jan. 5, 2026) (finding that counsel's withdrawal did not cause delay even when there were two pending motions, but discovery had not yet begun). Accordingly, Judge Cave's grant of the motion was proper.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions are **DENIED**, and his objections are **OVERRULED**. The Parties are directed to continue filing arbitration status letters as directed by prior orders of this Court. The Clerk of Court is respectfully directed to terminate ECF Nos. 78, 79, 82, and 91.

SO ORDERED.

Dated: August 7, 2026

New York, New York

DALE E. HO
United States District Judge