UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX VORBURGER,
on behalf of himself and all
others similarly situated,
Plaintiff,

-v-

PERFECT MOVING AND STORAGE LLC,
SUMMER MOVING CORP, ROCK KATNIC,
and JOHANNA ULLOA
Defendants.

CIVIL ACTION NO. 25 Civ. 6387 (DEH) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

The Court is in receipt of the request of Plaintiff Alex Vorburger to file a "proposed supplemental complaint" (Dkt. No. 101 (the "Proposed Complaint")), which the Court construes as a motion to amend (the "MTA"). For the reasons set forth below, the MTA is **DENIED**.

We incorporate by reference the procedural background set forth in Vorburger v. Perfect Moving and Storage LLC, No. 25 Civ. 6387 (DEH) (SLC), 2025 WL 3653384 (S.D.N.Y. Dec. 17, 2025) ("Vorburger I"). We set forth only additional procedural background necessary to analyze the MTA.

In Vorburger I, the Court: (i) struck Mr. Vorburger's class-based allegations; (ii) compelled Mr. Vorburger to arbitrate his remaining claims; and (iii) stayed this action during the pendency of the arbitration. See Vorburger I, 2025 WL 3653384, at *8. On December 31, 2025, Mr. Vorburger, then represented by counsel, filed objections to Vorburger I. (Dkt. No. 46 (the "Objection")). On May 21, 2026, the Honorable Dale E. Ho overruled Mr. Vorburger's Objection.

Vorburger v. Perfect Moving and Storage LLC, No. 25 Civ. 6387 (DEH) (SLC), 2026 WL 1432914, at *2 (S.D.N.Y. May 21, 2026) ("Vorburger II").

On May 26, 2026, Mr. Vorburger sought, and the Court granted, leave to file a motion to reconsider (the "Reconsideration Motion") Vorburger II. (Dkt. Nos. 66–67). The Court also stayed "Mr. Vorburger's obligation to commence an arbitration. . . until 14 days after" Judge Ho ruled on the Reconsideration Motion. (Dkt. No. 67 at 3). On June 22, 2026, Mr. Vorburger filed the Reconsideration Motion. (Dkt. No. 78).

On August 7, 2026, Judge Ho denied the Reconsideration Motion.[1] See Vorburger v. Perfect Moving and Storage LLC, No. 25 Civ. 6387 (DEH) (SLC), 2026 WL 2283392, at *3 (S.D.N.Y. Aug. 7, 2026) ("Vorburger III"). Mr. Vorburger must therefore commence arbitration of his claims by August 21, 2026, and the parties must file a joint letter regarding the status of the arbitration by August 24, 2026. (Dkt. No. 90).

The same day Vorburger III was filed, Mr. Vorburger filed a letter addressed to Judge Ho, with the Proposed Complaint attached (Dkt. No. 98-11), asking the Court to (i) "grant leave to file or lodge the attached Proposed Amended/Supplemental Complaint Addendum" or (ii) "deem the addendum filed or lodged as of the date of this motion for preservation purposes." (Dkt. No. 98 at 3 (the "August 7 Letter")). On August 10, 2026, Judge Ho ordered that, "[i]n light of Plaintiff's pro se status, the Court will consider the arguments raised in [the August 7 Letter] as preserved in the event this matter returns to this Court following arbitration." (Dkt. No. 99 (the "August 10

[1] Judge Ho also denied Mr. Vorburger's motion for an interlocutory appeal. Vorburger III, 2026 WL 2283392 at *2. (See Dkt. No. 79).

Order")). On August 12, 2026, the MTA, which the Court interprets as seeking leave to amend separate from the August 7 Letter, was docketed.[2] (Dkt. No. 101).

In light of the Court's prior orders in Vorburger I, Vorburger II, and Vorburger III, and the August 10 Order, the MTA is **DENIED**. Mr. Vorburger's obligation to commence arbitration by August 21, 2026, and the parties' obligation to file a joint letter by August 24, 2026 remain in effect.

Dated: New York, New York
August 13, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

[2] The MTA is dated August 6, 2026, but was docketed on August 12, 2026. (Dkt. No. 101).