UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX VORBURGER, on behalf of himself and all others similarly situated ,

Plaintiff,

v.

PERFECT MOVING AND STORAGE LLC, SUMMER MOVING CORP., ROCK KATNIC, and JOHANNA ULLOA,

Defendants.

25 Civ. 6387 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

Before the Court are several motions from Plaintiff Alex Vorburger seeking to "Save Humanity and Uncompel Arbitration," as well as to fix "Docketing Mistakes, Preservation of Class and Seeking Counsel and Preserving Rights and Extensions." *See* ECF Nos. 103-105. The Court treats these motions as successive motions for reconsideration of the Court's orders compelling arbitration and granting withdrawal of counsel, and as such they are **DENIED**.

A Plaintiff "is entitled to a single motion for reconsideration." *Sussman Sales Co., Inc. v. VWR Int'l, LLC*, No. 20 CIV. 2869, 2025 WL 1004729, at *4 (S.D.N.Y. Apr. 1, 2025). A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Plaintiff's motions "largely repeat the arguments that have previously been considered and rejected by this Court." *Cordero v. Sec'y of Health & Hum. Servs.*, No. 24 Civ. 9778, 2025 WL 3502318, at *1–2 (S.D.N.Y. Dec. 5, 2025). Therefore, the Motions are **DENIED** as improper.

The Court has considered Plaintiff's remaining requests for relief, including the request to fix alleged docketing mistakes. The Court finds that the docket accurately reflects the date of each

filed document and therefore **DENIES** the motion. To the extent Plaintiff seeks an extension of time to file a renewed motion for reconsideration, such extension is **DENIED** for failure to demonstrate cause for such relief.

It has been more than eight months since the motion to compel arbitration was first granted in this case. *See* ECF No. 44. The Court has considered and rejected objections to and reconsideration of multiple opinions and orders ordering arbitration to commence. *See* ECF Nos. 63, 97, 102. No further motions for reconsideration will be considered by the Court. Failure to comply with orders of the Court or of Judge Cave may result in sanctions, including a filing injunction barring Plaintiff from filing documents or cases in this District.

The Clerk of Court is respectfully directed to terminate ECF Nos. 103, 104, and 105.

SO ORDERED.

Dated: August 24, 2026

New York, New York

DALE E. HO
United States District Judge